**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION; <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civ. No. _____ <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the disclosure by United States Customs and Border Protection ("CBP" or "Defendant") of records related to administrative subpoenas issued by CBP to electronic communication service providers seeking information about the identities of such providers' users (hereafter "Unmasking Subpoenas").

2. On April 29, 2026, Plaintiff, the American Civil Liberties Union of Pennsylvania ("ACLU-PA"), filed a FOIA request to CBP seeking copies of each Unmasking Subpoena, with any supporting or related documents or communications, and any documents related to CBP's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda (together, the "Request").

3. The ACLU-PA seeks these records as part of an investigation into expanding efforts by the U.S. Department of Homeland Security ("DHS") to identify people expressing anonymous

opinions on social media critical of DHS's immigration enforcement activities. DHS's efforts to unmask anonymous social media users because of the content of their speech raises First Amendment concerns. The Request seeks to better understand the scale and scope of DHS's use of Unmasking Subpoenas.

4.     To date, CBP has failed to timely respond, failed to make a determination within FOIA's statutory deadlines, failed to conduct an adequate search, and failed to grant Plaintiff's requests for fee waivers.

5.     Plaintiff seeks declaratory, injunctive, and other appropriate relief to compel the prompt production of agency records improperly withheld by CBP.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiff under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

7.     Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in the Eastern District of Pennsylvania. For the same reason, venue is proper under 28 U.S.C. § 1391(e)(1)(C).

8.     Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

## PARTIES

9.     Plaintiff ACLU-PA is a 501(c)(3) nonprofit organization that provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases and works to advance those important protections through various forms of advocacy and public education across the Commonwealth. Since its founding, ACLU-PA has been deeply committed

to protecting Americans' Constitutional rights, particularly those grounded in the First Amendment. This work includes promoting transparency at both the state and federal level, often by seeking records under FOIA. ACLU-PA submitted the FOIA request at issue in this matter.

10. Defendant CBP is a component of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). CBP enforces federal immigration laws. In furtherance of its responsibilities, CBP has limited statutory authority to issue administrative subpoenas. CBP has possession, custody, and control over the records requested by Plaintiff.

### STATUTORY AND LEGAL FRAMEWORK

11. "The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry", which is "vital to the functioning of a democratic society" and needed as a check against corruption and to hold the government accountable to the governed. *See Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Consistent with this purpose, the FOIA statute creates a "strong presumption in favor of disclosure [and] places the burden on the agency to justify the withholding of [] requested documents." *Ray*, 502 U.S. at 173.

12. FOIA requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within one of nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9).

13. FOIA requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *U.S. ex. rel. Mistick PBT v. Hous. Auth. of Pittsburgh*, 186 F.3d 376, 384 (3d Cir. 1999).

14.     An agency must respond within 20 working days after receipt of a FOIA request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

15.     In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension of more than 10 working days. *See id.*

16.     If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C)(i). Per the FOIA statute, "the term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section . . . ."  5 U.S.C. § 552(a)(6)(C)(ii).

17.     A district court has jurisdiction to enjoin the agency from withholding records and to order the production of records that are subject to disclosure. *See* 5 U.S.C. § 552(a)(4)(B).

4

18.     A FOIA requester can seek a waiver of search and review fees on the ground that the disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Requests for fee waivers are to be "liberally construed in favor of waivers for noncommercial requesters." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (quoting *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987).

19.     A FOIA requester can also seek a waiver of search and review fees on the grounds that the requester is a "representative of the news media," and the records are not sought for a commercial purpose. *See* 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.*

## STATEMENT OF FACTS

### DHS' Expansive Use of Unmasking Subpoenas

20.     Across the country, DHS and its components and sub-agencies–including CBP, the U.S. Immigration and Customs Enforcement ("ICE"), and other entities–have used Unmasking Subpoenas to target people who speak critically of its immigration enforcement activities.

21.     However, even as DHS's use of administrative subpoenas to technology companies has increased, the processes by which DHS issues, enforces, and litigates Unmasking Subpoenas remains obscure.

22.     DHS's growing use of Unmasking Subpoenas has been a subject of numerous press articles.[1]

23.     ACLU-PA has submitted this Request to better understand how DHS is employing Unmasking Subpoenas.

### CBP Possesses the Records Requested

24.     The records requested are in the custody, possession, or control of CBP.

25.     Because it is CBP personnel, not a court or other third party, that issue administrative subpoenas, *see* 8 U.S.C. §§ 1103(a)(4), 1225 (d)(4)(A); 8 C.F.R. § 287.4(a)–(b), CBP has custody, possession, or control of "[c]opies of such Unmasking Subpoenas, with any supporting documents or communications setting forth the justifications for each Unmasking Subpoena." *See* Exhibit 1, FOIA Request, at I.B.1.

26.     Similarly, the Request seeks "filings submitted by DHS to a court seeking enforcement of the Unmasking Subpoena or a related gag order," *see* Exhibit 1 at I.B.1.a, which must be in CBP's custody, possession, or control, as CBP was responsible for submitting such filings to a court.

---

[1] *See, e.g.*, See Sheera Frenkel and Mike Isaac, *Homeland Security Wants Social Media Sites to Expose Anti-ICE Accounts*, The New York Times (Feb. 13, 2026), available at https://www.nytimes.com/2026/02/13/technology/dhs-anti-ice-social-media.html; John Woodrow Cox, *Homeland Security is targeting Americans with this secretive legal weapon,* Washington Post (Feb. 3, 2026), https://www.washingtonpost.com/investigations/2026/02/03/homeland-security-administrative-subpoena/; Alfred Ng, *Judge skeptical of DHS push to ID anonymous accounts documenting ICE*, Politico (Jan. 14, 2026), https://www.politico.com/news/2026/01/14/judge-instagram-account-documenting-ice-00730455; Ashley Belanger, *Lawsuit: DHS wants "unlimited subpoena authority" to unmask ICE critics*, Ars Technica (Jan. 13, 2026), https://arstechnica.com/tech-policy/2026/01/instagram-user-fights-dhs-for-the-right-to-post-ice-sightings-anonymously/; Shawn Musgrave, *The Feds Want to Unmask Instagram Accounts That Identified Immigration Agents*, The Intercept (Sep. 18, 2025), https://theintercept.com/2025/09/18/dhs-subpoena-ice-instagram-dox/.

27.    Additionally, CBP must have custody, possession, or control of "any documents detailing, describing, or referencing whether the Unmasking Subpoena was complied with," as CBP is responsible for determining compliance with its administrative subpoenas. *See* Exhibit 1 at I.B.1.b.

28.    Finally, the Request seeks only those "documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda" which are in the custody, possession, or control of  CBP. *See* Exhibit 1 at I.B.2.

### Plaintiff's FOIA Request

29.    On April 29, 2026, ACLU-PA submitted a Request to CBP via the SecureRelease Portal. *See* 6 C.F.R. § 5.3 (stating that all DHS components "have the capability to receive requests electronically, either through email or a web portal."). *See also FOIA Contact Information*, Dep't Homeland Sec., available at https://www.dhs.gov/foia-contact-information (directing FOIA requesters seeking records in the possession of CBP to the DHS SecureRelease Portal). A copy of the Request is attached as Exhibit 1.

30.    Specifically, ACLU-PA requested:

Requester seeks the following categories of records related to Administrative Subpoenas issued by DHS, ICE, or CBP, (including by any components, subcomponents, offices, or personnel therein), to electronic communication service providers seeking information about the Identities of such providers' Users (hereafter "Unmasking Subpoenas"), including:

(1) Copies of such Unmasking Subpoenas, with any supporting documents or communications setting forth the justifications for each Unmasking Subpoena.

    a.  For each Unmasking Subpoena, any filings submitted by DHS to a court seeking enforcement of the Unmasking Subpoena or a related gag order.

    b.  For each Unmasking Subpoena, any documents detailing, describing, or referencing whether the Unmasking Subpoena was complied with.

(2) Any documents related to DHS's use of Unmasking Subpoenas, including, but not limited to, presentations and memoranda.

31.    ACLU-PA also specified the following parameters to the request:

The request seeks all Unmasking Subpoenas **other than** those related to investigations of child sexual exploitation and abuse.

Unless otherwise specified, the ACLU of Pennsylvania seeks records prepared, generated, or otherwise dated from January 1, 2024, to the present.

Please construe this as an ongoing FOIA request, so that any records that come within the possession of the agency prior to your final response to this FOIA Request should also be considered within the Request's scope.

Where available, we ask that records responsive to this Request be produced in the original electronic format with all metadata and load files. We ask that any records produced in PDF, TIFF, or other image formats be produced in full, uncompressed form; please do not compress images or downsample the resolution, as this interferes with their legibility. To facilitate a speedy response, we ask that records responsive to this request be produced on a rolling basis.

Additionally, Requester does not seek the names or contact information of individuals or other exempt personal identifiable information of people referenced in the records requested herein. If any of the requested records contain exempt personal identifiable information, Requesters ask that said personal identifiable information be redacted to ensure the maximum production of responsive relational information contained within the records. Nothing in this request should be construed as a waiver of Requesters' right to challenge any redactions made on the basis of personal identifiable information, including in the event of litigation regarding this FOIA request.

If you assert that any statutory exemptions apply to any of the records requested, please describe in detail the nature of the withheld records (with adequate specificity to allow Requester to assess the appropriateness of the redactions, if any) and the specific contended exemptions or privileges that would permit the withholding. Please provide all non-exempt, reasonably segregable portions of the records. 5 U.S.C. §552(a)(8)(A)(ii)(II). Please also explain how "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in" 5 U.S.C. § 522(b). *Id.* at § (a)(8)(A)(i).

Requester has intended this request to be specific and narrowly tailored. But, if you believe that it would be unduly burdensome to fulfil this request as currently structured, please contact me at (510) 390-0306 or at ashapell@aclupa.org so that I may consider modifying the request.

32.    ACLU-PA sought for a fee waiver on the grounds that (1) information on CBP's

practices related to Unmasking Subpoenas would contribute to the public understanding of the

operations or activities of the government, and (2) ACLU-PA seeks information for use in advocacy work, not to further a commercial interest.

**Defendant's Response**

33.    Under the FOIA statute, CBP is obligated to respond to FOIA requests within 20 working days, 5 U.S.C. § 552(a)(6)(A), making CBP's response deadline May 28, 2026.

34.    On April 30, 2026, Plaintiff received an email from CBP acknowledging receipt of the Request and assigning a unique FOIA tracking number of CBP-FO-2026-095344 to the Request. A copy of CBP's acknowledgment email is attached as Exhibit 2. According to the SecureRelease Portal, the request was assigned to the "Complex" processing track.[2]

35.    Although the SecureRelease Portal's "Request Status" field reads "Searching for Records," CBP has not communicated with Plaintiff since its April 30, 2026, email.

36.    CBP did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6).[3]

37.    To date, CBP has failed to produce any records or make any substantive response to the FOIA Request.

*** 

**CAUSES OF ACTION**

---

[2] DHS regulations explain that its multitrack processing approach is intended to "distinguish between simple and more complex requests based on the estimated amount of work or time needed to process the request." 6 C.F.R. § 5.5(b). But regardless of which track an agency assigns a request, all FOIA requests are still subject to the 20-day response deadline under normal circumstances, 5 U.S.C. § 552(a)(6)(A), plus the 10-day extension permitted by § 552(a)(6)(B) in unusual circumstances.

[3] Although CBP's April 30, 2026, email states "FOIA does permit a 10-day extension of this time period in certain circumstances pursuant to 6 C.F.R. Part 5 § 5.5(c)," CBP did not expressly invoke a ten-day extension. Nevertheless, even had it done so, the ten-day extension would have lapsed on June 11, 2026.

**FIRST CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Timely Respond**

38.   Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

39.   Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its April 29, 2026, FOIA request.

40.   On information and belief, CBP currently has possession, custody, or control of the requested records.

41.   No legal basis exists for CBP's failure to timely search for and release responsive agency records in compliance with FOIA's time limits.

42.   CBP had, under 5 U.S.C. § 552(a)(6), 20 working days from the date of receipt of Plaintiff's FOIA request to make a determination on the request or to request an additional 10 days under unusual circumstances.

43.   CBP did not explicitly invoke the 10-day extension permitted by 5 U.S.C. § 552(a)(6)(B). But even if it had, the 10-day extension has lapsed.

44.   To date, CBP has not produced the requested records or responded to Plaintiff's FOIA request, beyond its April 30, 2026, acknowledgment email.

45.   Defendant CBP's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

46.   The Plaintiff is therefore entitled to injunctive and declaratory relief requiring CBP to promptly provide responsive records.

**SECOND CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

10

47. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

48. Plaintiff properly requested records within CBP's possession and control.

49. CBP is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records. 5 U.S.C. § 552(a)(3)(C).

50. CBP has failed to timely and adequately review agency records for the purpose of locating those records that are responsive to this request.

51. CBP's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations. *See* 5 U.S.C. § 552(a)(3)(C).

52. Plaintiff is therefore entitled to injunctive and declaratory relief requiring CBP to promptly make reasonable efforts to search for records responsive to its FOIA request.

**THIRD CLAIM FOR RELIEF**
**Freedom of Information Act, 5 U.S.C. § 552**
**Improper Withholding of Agency Records**

53. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

54. Under 5 U.S.C. § 552(a)(3)(A), CBP is obligated to make properly requested records promptly available to a requester.

55. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to the FOIA request.

56. On information and belief, CBP currently has possession, custody, or control of the requested records.

57. To date, CBP has not made any records available to Plaintiff, nor produced a *Vaughn* index.

58.    CBP's withholding of requested records in its possession that are not exempt from disclosure under 5 U.S.C. § 552(b) violates, at a minimum, 5 U.S.C. § 552(a)(3)(A) and the corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    Assume jurisdiction over this matter;

2.    Declare that CBP violated FOIA by failing to respond to Plaintiff's FOIA request, failing to undertake an adequate search, and unlawfully withholding the requested records;

3.    Order CBP to immediately make a full, complete, and expedited search for the requested records, including the production of "FOIA Search Staffing Sheets" for all searches;

4.    Enjoin CBP from withholding non-exempt, responsive records;

5.    Enjoin CBP from charging Plaintiff search, review, or duplication fees for the processing of the Request;

6.    Award Plaintiff its costs and reasonable attorneys' fees incurred in this action, as provided by 5 U.S.C. § 552(a)(4)(E); and

7.    Grant such other and further relief as this Court may deem just and proper.


Dated: June 12, 2026                                  Respectfully submitted,


                                                      */s/ Ariel Shapell*
                                                      Ariel Shapell (PA 330409)
                                                      Vanessa L. Stine (PA 319569)
                                                      **AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**
                                                      P.O. Box 60173
                                                      Philadelphia, PA 19102
                                                      T:  215-592-1513
                                                      E:  ashapell@aclupa.org

E:  vstine@aclupa.org